Settle v. Wendell. .

MARGARY W. SETTLE v. WM. WENDEL, Ex'r, et al.

CHANCERY PRACTICE. *Creditor by deed. Redemption. Deed of trust. Principal and surety.* A security upon a debt which is set out in a deed of trust, and who purchases the land at the trustee's sale, is not a creditor by "debt acknowledged by deed" within the meaning of the Code, sec. 2127, which permits such creditor and purchaser to advance upon his bid.

FROM RUTHERFORD.

Appeal from the Chancery Court.

No record can be found.

FREEMAN, J., delivered the opinion of the court.

In 1865 or 1866 John Hill made a deed of trust, conveying, among other things, a valuable tract of land to D. D. Wendell, in trust, to pay certain debts therein specified. Debts amounting to about $11,970 were in the first class to be paid under this trust. One of these debts was due to Alfred Blackman, on which defendant Geo. Batey and one Gooch were joint sureties. Hill was also indebted to Mrs. Settle as executrix in the sum of about $9,000, which was acknowledged by the deed. The trustee, Wendell, proceeded to sell the land on December 5, 1867, when Batey became the purchaser, at the sum of $10,593.44. The sale was on a credit except as to one-fourth, which was paid in cash. Mrs. Settle proposed to redeem as creditor with a debt acknowledged by deed,

37—VOL. 9.

and sent her son, as agent, to Murfreesboro for the purpose, assuming, under a misapprehension of the law, that she was bound to redeem in twenty days after the sale. Wendell, the trustee, was acting as the agent of the purchaser, Batey, at this time, who had, as such purchaser, advanced a debt due himself, acknowledged by the deed, of about $1,562, of which advance it is admitted in the bill Mrs. Settle had notice. She claims, however, in the bill that Wendell refused to allow her to redeem unless she would also pay in addition to this the sum of $1,683.89, the amount which the trust fund failed to pay on the Blackman debt, on which Batey and Gooch were joint sureties as before stated, and on which as such surety, so far as the record shows, he has never paid anything, certainly had paid nothing at the time. Finding that another creditor, Miller, desired to redeem, she charges that her agent at last paid the cash payment and gave his notes for the balance— one for the sum of $1,683.89, this security debt, but that this was done under protest against the right of Batey to exact, and with the distinct understanding that if Batey was not entitled to advance on his bid this liability as surety, then the matter was to be rectified and the money refunded. To enjoin the collection of balance equal to this assumed wrongful charge is the object of the bill in this case, and the question to be decided.

As to the matter of law debated before us, insisting that Batey had the right to advance the balance due on the Blackman debt for which he and Gooch

Settle *v.* Wendell.

were sureties, we think it of easy solution.    By the act of 1841–2, ch. 6, sec. 617, carried into the Code, it is provided, if the purchaser of land sold as this was is a *bona fide* creditor by judgment, decree or debt acknowledged by deed, and, within twenty days after the sale, makes an advance on his bid, and credits his debt by depositing a receipt therefor with the clerk of the court in which the judgment or decree was rendered; or the sale was under a deed of trust or mortgage, he acknowledges a receipt for such advance before the clerk of the county court for registration, and causes the same to be registered in the county where the land lies, then he shall hold the property subject to redemption at the price bid and such advance as if he had bid the whole sum at the time of the sale.    We think it too clear to need argument in this case that Batey was not a *bona fide* creditor, acknowledged by deed of Hill, at the time of his purchase; and only such is allowed to advance his debt by the terms of the statute.    He was the debtor of Blackman jointly with Gooch as surety of Hill, but in no sense the creditor of Hill.    He might become the creditor of Hill by paying the debt; but not having done this, he cannot be held to stand in the same position as if it had been done; and if he had already paid the debt, it would seem that this fact probably would have to have been recited in the deed of trust, in order to make it a debt acknowledged by deed, within the terms of the statute.    Be this as it may, it is clear he is not a creditor on the facts before us.    As to the question of fact,

which has been earnestly pressed before us, that Mrs.
Settle agreed to and did redeem voluntarily, including
the balance on the Blackman debt, and not under
protest, and with the understanding with Wendell that
the question of law should be settled and her rights
abide the result,—after a careful examination of the
testimony, we can but conclude with the chancellor,
that she has made out her case as alleged in her bill.
The bill and answers but make an issue in the case.
We can see no definite contradiction of Leroy Settle's
statements, except the testimony of Batey, the defend-
ant, that he did not understand the Blackman debt
was to be included until the day of the redemption.
He states circumstantially the facts, and that he had
taken the amount of cash, or made arrangements to
pay the amount of cash on the basis of the advance
only of Batey's individual debt, and was embarrassed
on account of this fact. In this he is corroborated
by Baird, who was present when the redemption was
had. It is also corroborated, to some extent at least,
by the date of Batey's advance, which which was on
the 24th, the redemption being on the 26th. But we
think Wendell's letter is conclusive on this question—
in which he says it is simply a question of law, and
one of easy solution, and then gives his view of the
case; that is, that Batey was liable for the whole of
balance of the Blackman debt, as well as his co-surety
Gooch. We see nothing in the case to indicate that
he had ceased to be the agent of Batey in the mat-
ter, but, on the contrary, we think it pretty clear
that he was the trusted agent of Batey in the whole

matter up to the time of his death, and certainly maintained the precise view of his legal rights now insisted on by his counsel. As a matter of course, Batey cannot take the benefit of the action of Wendell and avoid the responsibilities connected with that action in the matter of the agreement.

Without further argument, we affirm the decree of the chancellor with costs.